FILED
SUPERIOR COURT
OF GUAM

2020 AUG -6 PM 2: 44

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0313-18 |
| vs. | |
| **ALLEN JAMES TOVES**, DOB: 03/08/1981 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on July 29, 2020, upon the Defendant's Motion to Revoke Probation filed July 2, 2020. Defendant Allen James Toves ("Defendant") was represented by Assistant Public Defender Zachary C. Taimanglo. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral argument in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On September 6, 2018, the Defendant pleaded guilty to Retail Theft (as a Misdemeanor) as a lesser included offense of Robbery via Complicity, and Theft of Property (as a Misdemeanor) as a lesser included offense of Retail Theft. *See* Plea Agreement (Sept. 13, 2018). Subsequently, a Judgment of Conviction was entered on September 13, 2018. *See* Judgment of Conviction (Sept. 13, 2018). Upon the Defendant's release from custody, the Court imposed certain conditions including, *inter alia*, that the Defendant report in-person monthly to the Probation Office, complete the Petty Theft Diversion Program, and to obey all the laws of Guam. *Id.*

On December 26, 2018, Probation Officer David Ulloa ("P.O. Ulloa") filed a First Violation Report indicating that the Defendant failed to obey the laws of Guam. *See* First Violation Report (Dec. 26, 2019). Specifically, that on December 21, 2018, the Defendant was arrested and charged with Family Violence and Harassment in Superior Court Criminal Case No. CM0626-18. *Id.*

On October 28, 2019, P.O. Ulloa filed a Second Violation Report indicating that the Defendant failed to check in monthly, failed to complete the Petty Theft Diversion Program, failed to complete community services hours, and failed to pay imposed fines and court costs. *See* Second Violation Report (Oct. 28, 2019). On February 13, 2020, a hearing was held on the Second Violation Report. The Defendant failed to appear. Consequently, the Court issued a Warrant of Arrest and fixed bail at One Thousand Dollars ($1,000.00) cash. *See* Warrant of Arrest (Feb. 13, 2020).

A Return of Warrant was filed on June 16, 2020, which also specified that the Defendant was arrested on new charges of Family Violence and Assault. On June 17, 2020, at the hearing on the Return of Warrant, the Court committed the Defendant and reduced the bail amount to Five Hundred Dollars ($500.00) cash. *See* Commitment Order (Jun. 17, 2020).

Thereafter, on June 22, 2020, P.O. Ulloa filed a Third Violation Report indicating that the Defendant failed to obey the laws of Guam. *See* Third Violation Report (Jun. 22, 2020). Specifically, that on June 17, 2020, the Defendant was arrested and charged with Family Violence in Superior Court Criminal Case No. CM0232-20. *Id.* The Defendant is currently on pretrial release in CM0232-20 before the Family Violence Court.

On July 2, 2020, the Defendant posted the $500.00 cash bail and was brought before this Court for a bail hearing. At the hearing, the Court was informed that the bail was posted by the victim in CM0232-20. The Court conditioned the Defendant's release on securing a place to stay away from the alleged victim and continued the matter. The People also gave notice that they would be filing a Motion to Revoke Probation.

Subsequently, the People filed their Motion to Revoke Probation on July 2, 2020. The Defendant filed his Opposition on July 20, 2020. At the motion hearing on July 29, 2020,

defense counsel informed the Court that a more practical resolution to this case was available. The defense called on P.O. Ulloa to report on the violations. P.O. Ulloa suggested that the Court forfeit the $500.00 paid for bail on the returned bench warrant, and apply the cash to the probation terms outstanding. Currently, the fines, fees, and community service is valued at approximately $429.00. Thus, the defense and probation suggest that instead of revocation, closure may be more appropriate. The People however, argued for revocation due to the Defendant's inability to comply with the terms of his probation. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Probation is a privilege, not a right to which a defendant is entitled. *People v. Camacho*, 2009 Guam 6 ¶ 26. However, once probation is granted, courts cannot simply revoke such privilege at its discretion. *Id.* Only "upon a showing of probable cause that a defendant has violated a condition of his or her probation," and when the court is "satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed" by the conditions, may the court revoke probation. *See* 9 G.C.A. § 80.66(a)(1) and (2). Furthermore, "[v]iolation of a condition shall not result in revocation . . . unless the court determines that revocation under all circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2). Thus, probation revocation is a two-step process where the court must first determine if the probation violation occurred, and then determine if the violation warrants revoking probation. *Camacho*, 2009 Guam 6 ¶ 26. Should the court ultimately revoke probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

The Defendant's plea agreement set forth the terms of his probation that required the Defendant, among other conditions, to: 1) report monthly in person, 2) attend the Court's Petty Theft Diversion Program, 3) pay fines and court costs, 4) perform community service hours, and 4) obey all local and federal laws. Here, as determined through the violation reports and hearings in this matter, as well as the testimonies received at the revocation hearing, it is clear that the Defendant failed to satisfy the terms of his probation. Thus, the Court finds that there is

probable cause to determine that the Defendant violated the terms and conditions of his probation, and that such violation warrants revocation. However, in considering all the circumstances, the Court declines to revoke the Defendant's probation in this matter and instead, **SANCTIONS** the Defendant to *fifty (50) days* incarceration at the Department of Corrections with credit for time served. Consequently, the Defendant shall be **RELEASED** from custody at the Department of Corrections. Further, the Defendant *shall pay all outstanding fines and court costs* within ten (10) days of his release from confinement. Finally, the Court **ORDERS** this matter to **CLOSE** upon completion of the imposed fifty (50) day sanction and payment of the Defendant's probation terms outstanding. The Court finds that the foregoing would best satisfy the ends of justice and the best interests of the public. 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons set forth above, the People's Motion to Revoke Probation is **DENIED**. Instead, the Court hereby **SANCTIONS** the Defendant to *fifty (50) days* incarceration at the Department of Corrections with credit for time served. Consequently, the Defendant shall be **RELEASED** from custody at the Department of Corrections. Further, the Defendant *shall pay all outstanding fines and court costs* within ten (10) days of his release from confinement. Finally, the Court **ORDERS** this matter to **CLOSE** upon completion of the imposed fifty (50) day sanction and payment of the Defendant's probation terms outstanding.

**IT IS SO ORDERED** 8/6/20 .

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG Prosecution,
PPSD
Date: 8/6/20 Time: 2:48pm
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**